| | | |
|---|---|---|
| RYAN L. HUMPHRIES, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | Case No. 1:15-CV-195 |
| v. | ) | |
| | ) | Judge Travis R. McDonough |
| BENJAMIN SCOTT BREWER, *et al.*, | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
|     *Defendants*. | ) | |

| | | |
|---|---|---|
| JUSTIN E. KNOX, *et al.*, | ) | |
| | ) | |
|     *Plaintiffs*, | ) | Case No. 1:15-CV-203 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| BENJAMIN SCOTT BREWER, *et al.*, | ) | Magistrate Judge Christopher H. Steger |
| | ) | |
|     *Defendants*. | ) | |

| | | |
|---|---|---|
| JOHN STANLEY, *et al.*, | ) | |
| | ) | |
|     *Plaintiffs*, | ) | Case No. 1:15-CV-227 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| COOL RUNNINGS EXPRESS, INC., *et al.*, | ) | Magistrate Judge Christopher H. Steger |
| | ) | |
|     *Defendants*. | ) | |

| | | |
|---|---|---|
| JACLYN GALLAHER, *et al.*, | ) | |
| | ) | |
|     *Plaintiffs*, | ) | Case No. 1:15-CV-280 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| BENJAMIN SCOTT BREWER, *et al.*, | ) | Magistrate Judge Christopher H. Steger |
| | ) | |
|     *Defendants*. | ) | |

| | |
|---|---|
| TRAVIS CLOSE, *et al.*, | ) |
|     *Plaintiffs*, | ) Case No. 1:16-CV-196 |
| v. | ) Judge Travis R. McDonough |
| COOL RUNNINGS EXPRESS, INC., *et al.*, | ) Magistrate Judge Christopher H. Steger |
|     *Defendants*. | ) |

# MEMORANDUM

This action arises out of an accident in a construction zone involving a semi-truck and trailer. Originally, Plaintiff Jaclyn Gallaher[1], the plaintiff in Case No. 1:15-cv-280, and Plaintiff Ryan Humphries, the plaintiff in Case No. 1:15-cv-195, named as defendants only those associated with the ownership and operation of the truck, all of whom were Kentucky citizens (the "Cool Runnings Defendants"). On July 8, 2016, the Gallaher Plaintiffs filed an amended complaint. (Doc. 58, Case No. 1:15-cv-280.) Plaintiff Ryan L. Humphries filed an amended complaint on July 11, 2016. (Doc. 72, Case No. 1:15-cv-195.) Both amended complaints sought to add additional defendants including Talley Construction Company, Superior-Traffic Control-Memphis, Inc., and Superior Pavement Marking, Inc.—all citizens of Tennessee. Bringing in these non-diverse defendants destroyed complete diversity and thus would destroy the Court's basis for exercising jurisdiction. Accordingly, the Court ordered the parties in Case Nos. 1:15-

---

[1] Gallaher brought claims on behalf of the estate of Brian Gallaher as well as her minor children. For ease of reference, the Court will refer to these plaintiffs as the Gallaher Plaintiffs.

cv-280 and 1:15-cv-195 to show cause why the Court should not dismiss these actions for lack of jurisdiction. (Doc. 73.)

Cool Runnings Defendants and Plaintiffs have responded. Cool Runnings Defendants assert that there is no basis for jurisdiction and ask that the actions be dismissed or remanded. (Doc. 79.) The Gallaher Plaintiffs and Humphries both conceded that the addition of these non-diverse parties destroyed diversity, but argued that there remained sufficient federal questions to keep this action in this court. Plaintiffs assert that, because the rules and guidelines governing the highway construction project are mandated by federal regulations, the Court will be required to interpret federal law and regulations to adjudicate the claims. Accordingly—Plaintiffs argue—the case presents an "embedded federal question" sufficient for the Court to exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Federal courts generally apply the "well-pleaded complaint" rule to determine whether a federal question exists. Under this rule, federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). There is, however, a narrow exception to this general rule. Under the "substantial-federal-question doctrine," a court may exercise jurisdiction "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983)). "The mere presence of a federal issue in a state law cause of action does not automatically confer federal question jurisdiction, either originally or on removal. Such jurisdiction remains exceptional and federal courts must determine its availability, issue by issue." *Id.* at 565.

Under the substantial question doctrine, federal courts have jurisdiction over a state-law cause of action if the action implicates a federal question that is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013). To be "substantial," the issue must be "significant to the federal system as a whole," *id.* at 1068, rather than "fact-bound and situation-specific," *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700-01 (2006)). Preserving the federal-state balance is of particular importance, and courts should be particularly cautious in exercising jurisdiction over a state-law claim that will often implicate questions of federal law. For example, in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, the Supreme Court upheld the exercise of jurisdiction over the "rare state quiet title action that involve[d] contested issues of federal law" only after distinguishing it from the "garden variety state tort" which often incorporates federal regulations as the basis for a duty in a negligence action. 545 U.S. 308, 318–19 (2005).

The Gallaher Plaintiffs rely principally on *Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Department of Environmental Management*, a case out of the First Circuit in which the court found that the plaintiff's attacks on a Rhode Island regulatory regime presented a substantial federal question. 585 F.3d 42 (1st Cir. 2009). The case arose out of the Atlantic States Marine Fisheries Compact, a cooperative agreement among fifteen states in which the states would develop interstate fisheries management plans. *Id.* at 46. Initially, participation was voluntary, however, in 1993, Congress enacted the Atlantic Coastal Fisheries Cooperative Management Act ("ACFCMA"), Pub. L. No. 103–206, 107 Stat. 2447 (codified at 16 U.S.C. §§ 5101–5108), which made compliance compulsory. *Rhode Island Fisherman's Alliance*, 585 F.3d at 46. To bring Rhode Island's lobster fishery into compliance with the applicable

4

management plan, the Rhode Island Department of Environmental Management promulgated Regulation 15.14.2 which changed how lobster trap licenses were allocated. *Id*. at 46–47. The Fisherman's Alliance sued to enjoin enforcement of the Regulation asserting that the Regulation was invalid based on state law. *Id*. at 47–48.

Applying the analysis set out above,[2] the First Circuit found the district court's exercise of jurisdiction proper under the substantial question doctrine. A federal question was necessarily raised because one of the plaintiffs' claims turned on whether a particular portion of the regulation was mandated by federal law—as embodied in the ACFCMA. *Id*. at 49. The case presented a substantial federal question because of the strong federal interest in ensuring that states comply with federally sanctioned interstate compacts. *Id*. at 51. Finally, the statute at issue was sufficiently unique that exercising jurisdiction was unlikely to upset the federal-state balance. *Id*. at 51–52.

Though the Gallaher Plaintiffs attempt to draw parallels, *Rhode Island Fisherman's Alliance* is materially distinguishable from the case at bar on virtually every point. First, while Plaintiffs assert that the construction zone is governed by federal regulations, they have pointed to no regulation that is necessarily raised or actually disputed in this action. Second, compliance with highway regulations, while no doubt important, does not present a substantial federal interest apart from the government's general interest in promoting highway safety. Finally, and most importantly, exercising jurisdiction here has the potential to substantially disrupt the balance of federal and state responsibilities. Transforming every traffic accident on a federally

---

[2] The case was decided before the Supreme Court's decision in *Gunn v. Minton* and thus applied a slightly different articulation of the test which lumped together the "necessarily raised" and "actually disputed" factors.

funded construction site into a federal case would flood the federal courts with quintessential state-law negligence claims.

This case is comparable to *Hampton v. R.J. Corman Railroad Switching Company*, in which the Sixth Circuit found that the plaintiff's state-law negligence claim premised on violations of the Federal Railroad Safety Act regulations did not raise a substantial federal question. 683 F.3d 708 (6th Cir. 2012). Though, like here, the receipt of federal aid was conditioned on agreeing to comply with federal regulations, the Sixth Circuit found that the plaintiff's claim did not present a substantial federal question. *Id*. at 712–13. The Sixth Circuit noted that "[f]inding a state-law negligence claim removable on the sole basis that the violation of a federal statute creates a presumption of negligence under state law would 'flout, or at least undermine, congressional intent' and would 'herald[] a potentially enormous shift of traditionally state cases into federal courts.'" *Id*. (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 812 (1986) and *Grable*, 545 U.S. at 319). That concern is even greater here where Plaintiffs' theory has the potential to transform every accident involving a federally funded highway construction site into a case arising under the Court's federal question jurisdiction—which, unlike diversity, is subject to no jurisdictional threshold.

Because the case does not present a federal question either under the well-pleaded complaint rule or the substantial federal question doctrine, the Court must dismiss or remand the action. The choice of whether to dismiss or remand depends on how the case came before the court. Here, the Gallaher Plaintiffs' case—Case No. 1:15-cv-280—was filed originally in this Court, therefore, the Court must dismiss for lack of subject matter jurisdiction. Plaintiff Humphries's case was filed in Hamilton County Circuit Court, and so the Court must remand. 28 U.S.C. § 1447(c) (mandating removal if it appears that the court lacks subject matter

6

jurisdiction over a removed case); 28 U.S.C. § 1447(e) (permitting a court to join additional defendants whose joinder would destroy jurisdiction and then remand the action to state court). Accordingly, the Court will **DISMISS WITHOUT PREJUDICE** the Gallaher Plaintiffs' action and will **REMAND** Humphries Action. An appropriate order will enter.

                                                                /s/ *Travis R. McDonough*
                                                                **TRAVIS R. MCDONOUGH**
                                                                **UNITED STATES DISTRICT JUDGE**